# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION AT MEMPHIS

| | |
|---|---|
| **PHILADELPHIA INDEMNITY INSURANCE COMPANY,**<br><br>     **Plaintiff,**<br><br>v.<br><br>**FEDEX FREIGHT, INC., DAVID F. RICKMAN, MAGGIE SHORTER, and DAVID SHORTER,**<br><br>     **Defendants.** | No. _____ |

## COMPLAINT FOR DECLARATORY JUDGMENT

Comes now the Plaintiff, Philadelphia Indemnity Insurance Company, by and through counsel, pursuant to 28 U.S.C. §§ 2201-2202 and Rule 57 of the Federal Rules of Civil Procedure, and for its Complaint for Declaratory Judgment would state and show this Court as follows:

### I. PARTIES

1.     Plaintiff Philadelphia Indemnity Insurance Company ("Philadelphia Indemnity") is a corporation incorporated in the state of Pennsylvania, with its principal place of business in Bala Cynwyd, Pennsylvania.

2.     Defendant FedEx Freight, Inc. ("FedEx") is a corporation incorporated in the state of Arkansas, with its principal place of business in Harrison, Arkansas, and may be served with process through its registered agent for service of process, CT Corporation System located at 800 South Gay Street, Suite 2021, Knoxville, Tennessee 37929.

21687-79984 (BDB)

3.Defendant David F. Rickman ("Rickman") is a resident and citizen of Germantown, Shelby County, Tennessee, and may be served with process at his residence located at 1938 Rhineland Drive, Germantown, Tennessee 38138.

4.Defendants Maggie Shorter and David Shorter (collectively as the "Shorters") are residents and citizens of Memphis, Shelby County, Tennessee, and may be served with process at their residence located at 5249 Sunray Drive, Memphis, Tennessee 38118.

## II. JURISDICTION AND VENUE

5.Philadelphia Indemnity brings this action for declaratory judgment pursuant to 28 U.S.C. §§ 2201–2202.

6.This Court has jurisdiction to hear this cause pursuant to 28 U.S.C. § 1332 as it is between citizens of different states and the amount in controversy exceeds $75,000.00 exclusive of interests and costs.

7.This Court is the proper venue for this action pursuant to 28 U.S.C. § 1391 because it is the district in which a substantial part of the events giving rise to the claims at issue in the underlying litigation occurred and in which Defendants reside.

## III. UNDERLYING LITIGATION

8.The underlying litigation arises out of an accident that occurred on or about July 8, 2015, at a facility owned, maintained, and/or controlled by FedEx located in Memphis, Shelby County, Tennessee, at which time Mrs. Shorter allegedly sustained personal injuries as a result of the negligent operation of a motor vehicle by Rickman, an employee of FedEx.

9.On or about December 22, 2015, a complaint (a copy of which is attached hereto as **Exhibit A**) for personal injuries was filed by the Shorters against Rickman and FedEx in the Circuit Court of Shelby County, Tennessee bearing docket number CT-005193-15.  The

complaint seeks compensatory damages in the amount of $20,000,000.00 and punitive damages in the amount of $20,000,000.00, for personal injuries and damages allegedly caused by the negligence of Rickman and FedEx.

10. The underlying tort complaint alleges that, on or about July 8, 2015, Mrs. Shorter sustained personal injuries as a result of the negligent operation of a motor vehicle by Rickman, an employee of FedEx, at a facility owned, maintained, and/or controlled by FedEx located in Memphis, Tennessee.

11. The underlying tort complaint also alleges that, at all times pertinent to this action, Rickman was an employee of FedEx and was acting within the course and scope of his employment at the time of the accident.

12. The underlying tort complaint further alleges that, at all times pertinent to this action, Mrs. Shorter was employed by Universal Protection Service, LLC ("Universal") as a security guard and, at the time of the accident, was working in that capacity providing security guard services at the FedEx facility where the accident occurred.

## IV. DEFENSE AND INDEMNITY

13. Prior to the incident giving rise to the underlying lawsuit, on or about November 26, 2013, Universal entered into a General Guard Services Agreement (the "Agreement") (a copy of which is attached hereto as **Exhibit B**) with FedEx, pursuant to which Universal agreed to provide security guard services at various FedEx facilities located throughout the United States.

14. Section 9 of the Agreement, entitled "Indemnification", provides, in pertinent part, as follows:

> Section 9. Indemnification. Contractor agrees to indemnify, defend and hold harmless FedEx, its directors, officers, and employees from any and all

3

21687-79984 (BDB)

liabilities, damages, losses, expenses, demands, claims, suits, or judgments, including reasonable attorneys' fees and expenses, to the extent resulting from Contractor's negligence or willful misconduct in the performance of its obligations under this Agreement, including, but not limited to any claim for payment made by a subcontractor, agent, or employee of the Contractor. Contractor's obligation to so indemnify, defend and hold harmless FedEx shall survive the expiration or earlier termination of this Agreement.

15.   Additionally, Section 10 of the Agreement, entitled "Insurance", provides, in pertinent part, as follows:

> Section 10.   <u>Insurance</u>. (a) Contractor and any and all sub-contractors shall at all times during the performance of the Work, the Contractor shall maintain Commercial General Liability insurance for bodily injury, and property damage, including contractual liability, products and completed operations; Broad Form Property Damage; Workers Compensation at statutory limits; Employers Liability Insurance; Personal Injury insurance, and Commercial Liability insurance if operating automotive vehicles as set out in attached Exhibit C.
>
> . . . .
>
> (d)   All liability insurance policies maintained by the Contractor pursuant to this Agreement shall be endorsed to name FedEx and its respective officers, directors and employees as additional insured's, and all property damage and worker's compensation insurance as required by applicable law.

16.   Further, Exhibit C referenced in Section 10 of the Agreement provides, in pertinent part, as follows:

Exhibit C
To that Certain Master Guard Services Agreement Between
FedEx Freight, Inc. ("FedEx") and Universal Protection Service ("Contractor")

INSURANCE CERTIFICATE AND POLICIES

> . . . .
>
> (c)   Commercial Automobile Liability Insurance covering Carrier's owned, non-owned and hire vehicles, naming FedEx and affiliated companies, and their respective officers, directors, and employees as additional insured, as their interests may appear under the terms of this Agreement, including bodily injury and property damage endorsements, with a combined single limit of not less than $1,000,000.00.

4

21687-79984 (BDB)

## V. POLICY OF INSURANCE

17. Philadelphia Indemnity issued a Commercial Lines Policy of Insurance, policy number PHPK1224836 (a copy of which is attached hereto as **Exhibit C**), to USAGM Topco, LLC and its subsidiaries, with effective dates of September 1, 2014 to September 1, 2015. Universal is a subsidiary of USAGM Topco, LLC and, as such, is a named insured under the policy. Said policy was in full force and effect on or about July 8, 2015 and at all times pertinent to this action.

18. Recently, on or about April 11, 2016, Rickman and FedEx demanded that Philadelphia Indemnity provide them a defense and indemnification in the above-referenced, underlying lawsuit, bearing docket number CT-001593-15, currently pending in the Circuit Court of Shelby County, Tennessee, based on the above-quoted provisions of the Agreement, and the policy of insurance issued by Philadelphia Indemnity to Universal.

19. The policy of insurance issued by Philadelphia Indemnity to Universal consists of several coverage parts including Commercial Auto Coverage which, for purposes of this matter, consists of the Business Auto Coverage Form and the Blanket Additional Insured Endorsement.

20. The Business Auto Coverage Form (CA0001/0310) provides, in pertinent part, as follows:

**BUSINESS AUTO COVERAGE FORM**

> Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.
>
> Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations. The words "we", "us" and "our" refer to the company providing this insurance.
>
> Other words and phrases that appear in quotation marks have special meaning. Refer to Section V – Definitions.
> . . . .

## SECTION II – LIABILITY COVERAGE

**A. Coverage**

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

We will also pay all sums an "insured" legally must pay as a "covered pollution cost or expense" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of covered "autos". However, we will only pay for the "covered pollution cost or expense" if there is either "bodily injury" or "property damage" to which this insurance applies that is caused by the same "accident".

We have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements.

**1. Who Is An Insured**

The following are "insureds":

   **a.** You for any covered "auto".

   **b.** Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

   **(1)** The owner or anyone else from whom you hire or borrow a covered "auto".

   This exception does not apply if the covered "auto" is a "trailer" connected to a covered "auto" you own.

   **(2)** Your "employee" if the covered "auto" is owned by that "employee" or a member of his or her household.

   **(3)** Someone using a covered "auto" while he or she is working in a business of selling, servicing, repairing, parking or storing "autos" unless that business is yours.

6

  **(4)** Anyone other than your "employees", partners (if you are a partnership), members (if you are a limited liability company) or a lessee or borrower or any of their "employees", while moving property to or from a covered "auto".

  **(5)** A partner (if you are a partnership) or a member (if you are a limited liability company) for a covered "auto" owned by him or her or a member of his or her household.

 **c.** Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.

. . . .

**B. Exclusions**

This insurance does not apply to any of the following:

. . . .

**2. Contractual**

Liability assumed under any contract or agreement.

But this exclusion does not apply to liability for damages:

 **a.** Assumed in a contract or agreement that is an "insured contract" provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement; or

 **b.** That the "insured" would have in the absence of the contract or agreement.

. . . .

**4. Employee Indemnification And Employer's Liability**

"Bodily injury" to:

**a.** An "employee" of the "insured" arising out of and in the course of:
 **(1)** Employment by the "insured"; or
 **(2)** Performing the duties related to the conduct of the "insured's" business; or

**b.** The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph a. above.

This exclusion applies:

7

21687-79984 (BDB)

    **(1)** Whether the "insured" may be liable as an employer or in any other capacity; and
    **(2)** To any obligation to share damages with or repay someone else who must pay damages because of the injury.

But this exclusion does not apply to "bodily injury" to domestic "employees" not entitled to workers' compensation benefits or to liability assumed by the "insured" under an "insured contract". For the purposes of the coverage form, a domestic "employee" is a person engaged in household or domestic work performed principally in connection with a residence premises.
. . . .

### SECTION V – DEFINITIONS

**A.** "Accident" includes continuous or repeated exposure to the same conditions resulting in "bodily injury" or "property damage".

**B.** "Auto" means:
  **1.** A land motor vehicle, "trailer" or semitrailer designed for travel on public roads; or
  **2.** Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.

However, "auto" does not include "mobile equipment".

**C.** "Bodily injury" means bodily injury, sickness or disease sustained by a person including death resulting from any of these.
. . . .

**F.** "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

**G.** "Insured" means any person or organization qualifying as an insured in the Who Is An Insured provision of the applicable coverage. Except with respect to the Limit of Insurance, the coverage afforded applies separately to each insured who is seeking coverage or against whom a claim or "suit" is brought.

**H.** "Insured contract" means:
  **1.** A lease of premises;
  **2.** A sidetrack agreement;
  **3.** Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;
  **4.** An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;

    **5.** That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another to pay for "bodily injury" or "property damage" to a third party or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement;

    **6.** That part of any contract or agreement entered into, as part of your business, pertaining to the rental or lease, by you or any of your "employees", of any "auto". However, such contract or agreement shall not be considered an "insured contract" to the extent that it obligates you or any of your "employees" to pay for "property damage" to any "auto" rented or leased by you or any of your "employees".

        An "insured contract" does not include that part of any contract or agreement:

        **a.** That indemnifies a railroad for "bodily injury" or "property damage" arising out of construction or demolition operations, within 50 feet of any railroad property and affecting any railroad bridge or trestle, tracks, roadbeds, tunnel, underpass or crossing;

        **b.** That pertains to the loan, lease or rental of an "auto" to you or any of your "employees", if the "auto" is loaned, leased or rented with a driver; or

        **c.** That holds a person or organization engaged in the business of transporting property by "auto" for hire harmless for your use of a covered "auto" over a route or territory that person or organization is authorized to serve by public authority.

. . . .

**J.** "Loss" means direct and accidental loss or damage.

. . . .

**N.** "Suit" means a civil proceeding in which:
    **1.** Damages because of "bodily injury" or "property damage"; or
    **2.** A "covered pollution cost or expense";
    to which this insurance applies, are alleged.

    "Suit" includes:
        **a.** An arbitration proceeding in which such damages or "covered pollution costs or expenses" are claimed and to which the "insured" must submit or does submit with our consent; or
        **b.** Any other alternative dispute resolution proceeding in which such damages or "covered pollution costs or expenses" are claimed and to which the insured submits with our consent.

. . . .

9

21687-79984 (BDB)

21. The Blanket Additional Insured Endorsement (PI-MANU-1 (01/00)), provides as follows:

**THIS ENDORSEMENT CHANGES THE POLICY.
PLEASE READ IT CAREFULLY.**

**BLANKET ADDITIONAL INSURED**

Section II – Liability Coverage – A.1. WHO IS AN INSURED provision is amended by the addition of the following:

**e.** Any person or organization for whom you are required by an "insured contract" to provide insurance is an "insured," subject to the following additional provisions:

  **(1)** The "insured contract" must be in effect during the policy period shown in the Declarations and must have been executed prior to the "bodily injury" or "property damage."

  **(2)** This person or organization is an "insured" only to the extent you are liable due to your ongoing operations for that insured, whether the work is performed by you or for you, and only to the extent you are held liable for an "accident" occurring while a covered "auto" is being driven by you or one of your employees.

  **(3)** There is no coverage provided to this person or organization for "bodily injury" to its employees or for "property damages" to its property.

  **(4)** Coverage for this person or organization shall be limited to the extent of your negligence or fault according to the applicable principles of comparative negligence or fault.

  **(5)** The defense of any claim or "suit" must be tendered by this person or organization as soon as practicable to all other insurers which potentially provide insurance for such claim or "suit."

  **(6)** The coverage provided will not exceed the lesser of:
     **(a)** The coverage and/or limits of this policy; or
     **(b)** The coverage and/or limits required by the "insured contract."

  **(7)** A person's or organization's status as an "insured" under this subparagraph d ends when your operations for that "insured" are completed.

All other terms and conditions of this Policy remain unchanged.

21687-79984 (BDB)

22.     Philadelphia Indemnity contends and asserts that the only way that Rickman and FedEx would be entitled to a defense and indemnification in the underlying litigation is if Rickman and FedEx meet the definition of an "insured" under the policy of insurance issued by Philadelphia Indemnity to Universal.

23.     Philadelphia Indemnity contends and asserts that, based on the unambiguous language of the Blanket Additional Insured Endorsement, and the facts of the accident at issue in the underlying litigation, Rickman FedEx do not meet the definition of an "insured" under the policy.  Specifically, under subsection (e)(2) of the Blanket Additional Insured Endorsement, Rickman and FedEx qualify as an "insured" under the policy "only to the extent [Universal is] held liable for an 'accident' occurring while a covered 'auto' is being driven by [Universal] or one of [Universal's] employees."  In this case, however, the accident at issue in the underlying litigation did not involve the negligent operation of a motor vehicle by Universal or one of Universal's employees.  Instead, the accident at issue in the underlying litigation involved the negligent operation of a motor vehicle by Rickman, a FedEx employee.

24.     Philadelphia Indemnity contends and asserts that, at the time of the accident on or about July 8, 2015 and at all times pertinent to this action, the injuries and damages allegedly sustained by the Shorters in the underlying litigation were the result of the negligent operation of a motor vehicle by Rickman, an employee of FedEx, and, as a result, neither Rickman nor FedEx meet the definition of an "insured" under the policy of insurance.

25.     Philadelphia Indemnity contends and asserts that is has no duty to defend or indemnify Rickman or FedEx under the policy of insurance at issue under the facts as alleged in the underlying litigation or as ultimately proved.  Therefore, an actual, justiciable controversy exists relating to the legal rights and duties of the parties named herein.

21687-79984 (BDB)

      26.    Pursuant to the above-referenced provisions of the policy of insurance issued by Philadelphia Indemnity to Universal, the facts alleged in the underlying tort complaint, and the facts asserted herein, Philadelphia Indemnity has no duty to defend or indemnify Rickman or FedEx or to provide coverage for any liability arising out of the alleged negligence of Rickman and FedEx at issue in the underlying litigation.  Specifically, Philadelphia Indemnity contends that no coverage exists, either in the form of a duty to defend or duty to indemnify, because neither Rickman nor FedEx meet the definition of an "insured" under the policy.

      27.    Alternatively, based on the unambiguous language contained in Section 9 of the Agreement, entitled "Indemnification", Universal is only obligated to indemnify FedEx when the underlying claim was the result of the negligence or willful misconduct of Universal or one of its employees in the performance of its obligations under the Agreement.  In other words, the Agreement does not require Universal to indemnify FedEx for the negligence of FedEx or its employees.  In this case, the accident at issue in the underlying litigation was not the result of any negligence or willful misconduct of Universal or its employees.  Instead, the accident at issue in the underlying litigation arises out of the negligence of Rickman, a FedEx employee. Therefore, based on the express language of the Agreement, Rickman and FedEx are not entitled to indemnification by Universal.  In the absence of contractual indemnification between Universal and FedEx, Philadelphia Indemnity has no duty to defend or indemnify Rickman or FedEx or to provide coverage for any liability arising out of the alleged negligence of Rickman and FedEx at issue in the underlying litigation.

## VI. **PRAYER FOR RELIEF**

      WHEREFORE, PREMISES CONSIDERED, Philadelphia Indemnity prays:

21687-79984 (BDB)

1. That process issue and be served upon the Defendants requiring each of them to answer this Complaint for Declaratory Judgment;

2. For a declaration of rights, obligations, and legal relations of the Plaintiff and Defendants by reason of the aforesaid policy of insurance;

3. For a declaration that Philadelphia Indemnity is not obligated to furnish legal counsel or otherwise provide a defense on behalf of Defendant David F. Rickman and Defendant FedEx Freight, Inc., in the action filed by Defendant Maggie Shorter and Defendant David Shorter, bearing docket number CT-001593-15, currently pending in the Circuit Court of Shelby County, Tennessee;

4. For a declaration that no coverage is afforded to Defendant David F. Rickman and Defendant FedEx Freight, Inc. under the policy of insurance issued to Universal Protection Service, LLC, policy number PHPK1224836, for the claims and demands made in the action filed by Defendant Maggie Shorter and Defendant David Shorter, bearing docket number CT-001593-15, currently pending in the Circuit Court of Shelby County, Tennessee;

5. For a declaration that no contractual indemnity exists between Universal Protection Service, LLC and Defendant FedEx Freight, Inc., and, as a result, no coverage is afforded to Defendant David F. Rickman and Defendant FedEx Freight, Inc. under the policy of insurance issued by Philadelphia Indemnity to Universal Protection Service, LLC, policy number PHPK1224836, for the claims and demands made in the action filed by Defendant Maggie Shorter and Defendant David Shorter, bearing docket number CT-001593-15, currently pending in the Circuit Court of Shelby County, Tennessee;

6. For the costs of this cause; and

21687-79984 (BDB)

7. For such other relief to which Philadelphia Indemnity may be entitled under the facts and circumstances of this cause.

Respectfully submitted,

RAINEY, KIZER, REVIERE & BELL, P.L.C.

By: *s/ Bradford D. Box*
BRADFORD D. BOX (BPR No. 016596)
BRANDON W. REEDY (BPR No. 030314)
209 East Main Street
P.O. Box 1147
Jackson, Tennessee 38302-1147
(731) 423-2414–telephone
(731) 426-8150–facsimile
bbox@raineykizer.com
breedy@raineykizer.com

*Attorneys for Plaintiff*
*Philadelphia Indemnity Insurance Company*

14