IN THE CIRCUIT COURT OF TENNESSEE FOR
THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS, SHEBY COUNTY

**MAGGIE SHORTER and husband,**
**DAVID SHORTER,**

    **Plaintiffs,**

VS.           NO. _____
         Division _____

**DAVID F. RICKMAN,**
**and FED EX FREIGHT, INC.**       **JURY DEMANDED**

    **Defendants.**

# C O M P L A I N T

Come now the Plaintiffs, Maggie Shorter and husband, David Shorter, and sue the Defendants, David F. Rickman and Fed Ex Freight, Inc., for the sum of TWENTY MILLIO0N DOLLARS ($20,000,000.00) actual and compensatory damages and TWENTY MILLION DOLLARS ($20,000,000.00) Punitive damages and for cause of action alleges:

    **1.**    Plaintiffs, Maggie Shorter and husband, David Shorter, reside at 5249 Sunray Drive, Memphis, Tennessee 38118.

    **2.**    Defendant, David F. Rickman, resides at 1938 Rhineland Drive, Germantown, Tennessee 38138.

    **3.**    Defendant, Fed Ex Freight, Inc., is a foreign corporation doing business in the State of Tennessee. Defendant, David F. Rickman, at the time of the accident in question on information and belief was employed by Fed Ex Freight, Inc. The accident in question occurred in Memphis, Shelby County, Tennessee. Fed Ex Express, Inc. is a corporation doing business in Memphis, Shelby County, Tennessee and service of process may be

obtained by serving their agent for process: C.T. Corporation System located at 800 S. Gay Street, Suite 2021, Knoxville, Tennessee 37929.

4. Plaintiffs, Maggie Shorter and husband, David Shorter, bring this lawsuit for personal injuries and other damages sustained by Maggie Shorter as a result of an accident that occurred on or about July 8, 2015 in Memphis, Shelby County, Tennessee. The Defendant, David F. Rickman, it is alleged was employed by Fed Ex Freight, Inc. and was on/or about the business of Fed Ex Freight, Inc., when the accident in question occurred. When the accident occurred, Plaintiff, Maggie Shorter, was working as a Security Guard for Universal Services of America at Federal Express located at 461 Winchester Road, Memphis, Tennessee. The Defendant, David Rickman, was operating a 2015 Peterbilt Motors Tractor with two trailer attached with a dolly. Defendant, David Rickman stopped at the guard shack to have his paperwork checked. Plaintiff, Maggie Shorter, was following procedure and took his paperwork and checked the seal number on the rear trailer and then walked between the two trailers to check the seal numbers on the trailer directly behind the cab of the Defendant's truck.

The Defendant, David Rickman, pulled his truck forward while Plaintiff was between the two trailers. When Defendant, David Rickman, pulled his trailer forward Plaintiff attempted to move from between the two trailers and wassubsquentky struck and run over by the dolly and/or rear trailer. As a result of the aforementioned accident the Plaintiff, Maggie Shorter, has sustained permanent and painful injuries resulting in damages including, but not limited to, loss of one leg from the knee down and other damages and injuries. Defendant, David Rickman, left the scene of the accident, traveling westbound on Winchester after striking and running over Plaintiff, Maggie Shorter. The Defendant, David Rickman, was

notified he struck the security guard, Plaintiff, Maggie Shorter, when he reached West Memphis, Arkansas.

5. Plaintiffs sue for personal injuries, pain and suffering, loss of earning and earning capacity, medical expenses, loss of enjoyment of life, permanent impairment, emotional damage, permanent disfigurement, and loss of consortium, actual, compensatory, punitive damages and other damages allowable under Tennessee law.

6. The injuries sustained by Plaintiff, Maggie Shorter, were so severe that her right leg was amputated from the knee down and her left leg was severely damaged and permanently disfigured. As a result of the severe collision described herein above, Plaintiff has sustained severe permanent injuries. Plaintiff alleges that she did nothing to contribute to the accident in question and is not guilty of any comparative fault in this case, and it was the negligence of the Defendant, David F. Rickman, in the operation of his motor vehicle which was the direct and proximate cause of the accident in question and injuries sustained by the Plaintiff, Maggie Shorter. Defendant, David Rickman, was employed by Defendant, Fed Ex Freight, Inc. and was on or about the business of Fed Ex Freight, Inc. at the time of the accident in question.

Any negligence that the Defendant, David F. Rickman, should be found guilty of should be imputed to the Defendants Fed Ex Freight, Inc. under the theory of **Respondeat superior**.

7. Plaintiffs allege the Defendant, David F. Rickman was guilty of negligence in that the Defendants violated the following Common Law acts of negligence, to-wit:

    a) Failed to keep a proper lookout;

    b) Failed to maintain proper control of vehicle;

3

 **c)** Failed to exercise that degree of care and caution which an ordinary and prudent person would have exercised under the same or similar circumstances;

 **d)** Drove in a reckless manner without due regard for the safety of others lawfully upon the roadway and/or close proximity to his vehicle;

 **e)** Negligently striking the Plaintiff;

 **f)** Failing to follow established safety procedures before pulling off the lot at Federal Express Corporation;

 **g)** Reckless Driving;

 **h)** Failing to ascertain the position and/or location of the Plaintiff before moving his truck;

 **i)** Failing to make certain Plaintiff was safe and out of the way of his vehicle before moving forward;

 **j)** Pulling his truck forward without waiting for the "all clear signal" from the security guard, letting him know it was safe to do so;

 **k)** Leaving the scene of the accident after causing injuries to the Plaintiff;

 **l)** Leaving the scene of the accident;

 **m)** Failure to give an audible signal prior to pulling off;

 **n)** Failing to exit his vehicle and check to determine if anyone was between the trailers or near the vehicle.

Plaintiffs allege the Defendant, Fed Ex Freight, Inc., was guilty of negligence in that the Defendants violated the following Common Law acts of negligence, to-wit:

 **a)** Hiring unqualified driver, David Rickman, to operate one of their vehicles;

 **b)** Failing to properly check the Defendant, David F. Rickman's background and driving history;

4

    **c)**    Failing to provide Defendant, David F. Rickman, with proper protocols, policies and procedures for checking for the safety of others in and around his vehicle before moving his vehicle;

    **d**)    Failing to require Defendant, David F. Rickman, to exit his vehicle and check for people between his truck and trailers before moving his vehicle;

    **e)**    Failing to equip the vehicle the Defendant, David F. Rickman, was operating with rear view cameras and or sensors**;**

    f)    Failing to provide a pre-determined safe area made known to all drivers, workers and pedestrians.

**8**.    Plaintiffs allege that the Defendants, David F. Rickman and Fed Ex Freight, Inc., were guilty of negligence in that they violated the following Ordinances of the City of Memphis, Tennessee, which were in full force and effect at the time of the accident, to-wit:

> **Section 21-87.** <u>**DUTY TO DEVOTE FULL TIME AND ATTENTION TO OPERATING VEHICLE.**</u>  It shall be unlawful for a driver of a vehicle to fail to devote full time and attention to operating such vehicle when such failure, under the then existing circumstances, endangers life, limb, or property.
>
> **Section 21-88.** <u>**DUTY TO DRIVE AT SAFE SPEED, MAINTAIN LOOKOUT, AND KEEP VEHICLE UNDER CONTROL.**</u>  Notwithstanding any speed limit or zone in effect at the time, or right-of-way rules that may be applicable, every driver shall:
> **l)** Operate his vehicle at a safe speed;
> **2)** Maintain a safe lookout;
> **3)** Use due care to keep his vehicle under control.
>
> **Section 21-128.** <u>**RECKLESS DRIVING.**</u> (a) Any person who drives any vehicle in a willful or wanton disregard for the safety of persons or property is guilty of reckless driving.

That the violation of the above Ordinances of the City of Memphis, Tennessee, constitutes negligence <u>per se.</u>

9. Plaintiff alleges that the Defendants, David F. Rickman and Fed Ex Freight, Inc. were guilty of negligence in that the Defendant, violated one, some or all of the below Statutes of the State of Tennessee, which were in full force and effect at the time of the collision, to-wit:

> **T.C.A. 55-8-136. <u>DRIVERS TO EXERCISE DUE CARE.</u>**
> Notwithstanding the foregoing provisions of this chapter, every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway and shall give warning by sounding the horn when necessary and shall exercise proper precaution upon observing any child or confused or incapacitated person upon a roadway.
>
> **T.C.A. 55-10-205. <u>RECKLESS DRIVING.</u>**
> (a) Any person who drives any vehicle in willful or wanton disregard for the safety of persons or property is guilty of reckless driving.

That the violation of the above Statutes of the State of Tennessee constitutes negligence <u>per se.</u>

10. Plaintiffs allege that as a direct and proximate result of the heretofore-described negligent acts of the defendant, Plaintiff, Maggie Shorter sustained injuries, including, but not limited to:

    **a.** Above right knee <u>Amputation</u>;

    **b.** Right femur fracture;

    **c**. Right fibular head fracture;

    **d**. Right lateral malleolus fracture;

    **e**. Right lower extremity;

    **f.** Right Lower Extremity de-gloving injury;

    **g**. Left lower extremity de-gloving injury;

    **h.** Pulmonary imbolism;

    **i**. Internal bleeding;

j. Skin grafts to the left lower extremity;

k. Permanent disfigurement and scaring;

l. Emotional and physiological damage;

m. Pain and suffering;

n. Loss of enjoyment of life;

o. Permanent impairment to the body as a whole;

p. Plaintiff has sustained emotional damage and unnecessary anxiety;

q. Severe damage to the left leg;

r. Wound debridement of left leg;

s. Massive blood loss requiring transfusion of multiple units of packed red blood cells and plasma;

11. That as a direct and proximate result of the heretofore described negligent acts of the Defendants, David F. Rickman and Fed Ex Freight, Inc., Plaintiffs have incurred hospital, doctor, and medical bills in an effort to alleviate the pain and suffering Plaintiff, Maggie Shorter has endured, and Plaintiffs verily believes that future hospital, doctor, and medical bills will be incurred for treatment of Plaintiff's injuries and sues for same.

12. Plaintiffs Maggie Shorter and husband, David Shorter, were legally married at the time of the accident in question. As a result of injuries that Plaintiff, Maggie Shorter, sustained in the accident in question, Plaintiff, Maggie Shorter, is incapable of performing her normal household duties and is incapable of being a marital partner to the Plaintiff, David Shorter. Plaintiff, David Shorter sues for the loss of the love, services, society of wife, Maggie Shorter and sues for loss of consortium.

13. Plaintiffs allege that as a direct and proximate result of the heretofore-described negligent acts of the Defendant, David F. Rickman, Plaintiff, Maggie Shorter, has sustained a

loss of earnings and/or earning capacity and verily believes that she will sustain said losses in the future.

14. Plaintiffs further allege that Plaintiff, Maggie Shorter, has sustained great pain and suffering and permanent disfigurement and sues for same.

15. Plaintiffs sue for emotional damage, anxiety damage, and psychological damage.

16. Plaintiffs sue for the loss of enjoyment of life.

17. Plaintiff alleges that the act of the Defendant, David Rickman, striking and running over Plaintiff Maggie Shorter and leaving the scene of the accident in Memphis, Shelby County, Tennessee was so grossly wanton and negligent that it would shock the conscious of the community at large and entitle the Plaintiff to punitive damages.

**WHEREFORE**, Plaintiffs Maggie Shorter and husband, David Shorter, sue the Defendants, David F. Rickman, and Fed Ex Freight, Inc., for damages, actual and compensatory, for personal injuries, pain and suffering, loss of earning and earning capacity, medical expenses, loss of enjoyment of life, loss of consortium and sues said Defendants for **TWENTY MILLION AND NO CENTS ($20,000,000.00).**

**WHEREFORE**, Plaintiffs, Maggie Shorter and husband, David Shorter, sue the Defendants, David F. Rickman and Fed Ex Freight, Inc., for the sum of **TWENTY MILLION DOLLARS ($20,000,000.00) in punitive damages.**

    Respectfully Submitted,

_____
Louis P Chiozza, Jr.          #8871
230 Adams Avenue
Memphis, TN 38103
(901) 526-9494